# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARMAINE PRATER,** *et al.*, | : | |
|     **Plaintiffs,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-1200** |
| | : | |
| **LIBERTY MUTUAL INSURANCE** | : | |
| **COMP.,** *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM

**RUFE, J.**                                                                                                     **MARCH 10, 2020**

Plaintiff Charmaine Prater brings this civil action on behalf of herself, a "Jane Doe" deceased individual, and a "Jane Doe" minor child against insurance companies, rental car companies and others. She has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.)

**I.    FACTUAL ALLEGATIONS**

The Complaint is brief and unclear. The Court understands Prater's claims to arise from a car accident that occurred on March 1, 2018 involving certain of the Defendants, and related insurance claims. Prater alleges that she and others were injured, and seeks monetary damages.

**II.    STANDARD OF REVIEW**

The Court will grant Prater leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Prater is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

As a preliminary matter, Prater may not bring claims on behalf of anyone other than herself in a *pro se* capacity. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. However, that right does not extend to permit non-attorney litigants to represent others. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-attorney parent could not proceed *pro se* on behalf of his children in federal court); *see also Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Accordingly, the plaintiffs other than Prater will be dismissed without prejudice as parties to this case.

Turning to Prater's own claims, she has not stated a basis for a federal claim. Prater alludes to constitutional principles in her Complaint, which suggests she may be trying to raise claims under 42 U.S.C. § 1983. (ECF No. 2 at 2.)[1] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). Here, the named Defendants appear to be private individuals, insurance companies, car rental companies, and employees of those companies. Nothing in the Complaint suggests that any of the Defendants could be considered state actors so there is no basis for a § 1983 claim against them. Nor has Prater alleged any other basis for a plausible federal claim.

Prater's complaint is best construed as raising claims under state law. However, because the Court has dismissed her federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business. *See* U.S.C. § 1332(c)(1). "[T]he citizenship of

partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420. "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). In some cases, "a plaintiff may allege that the defendant is *not* a citizen of the plaintiff's state of citizenship" after conducting a reasonable investigation into the defendant's citizenship. *Id.* at 107-08.

Prater provides an address for herself in Harrisburg, Pennsylvania. (ECF No. 2 at 1.) She provided mostly Pennsylvania addresses for the Defendants and states that the Defendants are "from various cities and states." (*Id.* at 2.) She has not adequately alleged complete diversity for purposes of establishing this Court's jurisdiction under § 1332(a).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the plaintiffs other than Prater as parties to this case. Prater's claims will be dismissed without prejudice to Prater filing an amended complaint in this case in the event she can properly state a federal claim or allege a basis for subject matter jurisdiction for her state claims or, alternatively, filing a complaint in state court so she may proceed on her claims in that venue. An appropriate Order follows.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**